## Meek's Estate.    Meek's Appeal.

*Statute of limitations—Charge on land—Act of April 27, 1855.*

Where a widow who has been given by her husband one third of the yearly income of his real estate, in lieu of dower, makes no demand upon the owners of the land for her share of the income, for over thirty-one years, she is thereafter barred from recovery by the act of April 27, 1855, § 7, P. L. 369.

Argued April 17, 1894.    Appeal, No. 214, Jan. T., 1894, by Maria Meek, widow, from decree of O. C. Centre Co., Jan. T., 1894, No. 214, dismissing exceptions to report of auditor, on petition for citation against Geo. Y. Meek, Jr., et al., to enforce

charge on land under will of Geo. Y. Meek, Sr., deceased.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Affirmed.

Exceptions to report of auditor, on petition for citation to enforce charge on land.   Before FURST, P. J.

The facts are sufficiently recited in the opinion of the auditor on the questions of law.   The material provision of the will is recited in the opinion of the Supreme Court.

The auditor's conclusions of law were as follows:

" 1. Maria Meek, the complainant, having filed her petition in this cause and claiming under the provision made for her in the will of Geo. Y. Meek, Sr., deceased, must be deemed to have elected to accept the provisions made for her in said will in lieu of her dower at law.

" 2. That the provision made for her by the testator was a legacy and as such was a charge on the land devised to Geo. Y. Meek, Jr., Robert Meek and Henry M. Meek, and to enforce the same the orphans' court has exclusive jurisdiction: Steele's Ap., 47 Pa. 437 ; Springer's Ap., 111 Pa. 228; Brotzman's Ap., 119 Pa. 645.

" 3. That the will of the testator could not in any manner affect the land or title to the land which descended to the said Geo. Y. Meek, Jr., Robert Meek and Henry M. Meek from their mother Nancy Meek, in as much as the title of the testator as tenant by the curtesy ceased the instant he died.

" 4. The recital of title in the deeds of amicable partition made between said devisees, wherein all lands are fully and explicitly described, [and title asserted to have become vested in Geo. Y. Meek, Sr.,] can in no manner affect or enlarge the rights of the complainant.   The will of the testator did not operate on the land in which he was interested only as tenant by the curtesy : Miller v. Springer, 70 Pa. 269.   There is no intention manifested of disposing of such estate.   There is no provision in the will, which could, by any possibility, be construed into a conditional devise or disposition of the real estate of Nancy Meek.   The complainant bases her claim on the provision made for her by the testator in the codicil to his will. This right cannot be enlarged by an immaterial recital in a transaction to which she was no party, which occurred ten years

after the will was probated and in which she had no interest. This recital in the deeds is relied upon by complainant to enlarge her rights by giving her a portion of the income from the land which originally belonged to Nancy Meek.

" The rules applicable to this question may be found in the following proposition : Recitals of immaterial matters, that is of matters not essential to the transaction in hand, are not necessarily binding: 20 A. & E. Ency. L. 460. The general rule of law is that recitals in a deed bind all persons who are parties thereto; but this rule does not extend to that which is mere description, or an averment which is not essential : Osborne v. Endicott, 65 Am. Dec. 498.

" But it is contended by counsel for complainant that this recital operates as an estoppel against the respondents ; but it nowhere appears how the complainant was misled by this recital, what right she parted with or that her conduct was in any manner influenced by it. In fact she never was misled by it and it never in any manner influenced her conduct. The recital was never intended to influence any one for any purpose whatever. The authorities relied on by the claimant are Preston v. Jones, 9 Pa. 456; Miller v. Springer, 70 Pa. 269 ; Miller v. Springer, 88 Pa. 203; Burford v. Burford, 29 Pa. 221. Each of these cases is readily distinguished from the case in hand, and therefore has no application here.

" 5. The contention of respondents that Geo. Y. Meek, Sr., deceased, was trustee for Nancy Meek of the undivided three fourths of the one hundred and sixteen acres of land purchased from Mrs. Probasco, Mrs. Hutchinson and Wm. Y. Meek, is not tenable. It is assumed by respondents that the mere fact of using the wife's property to purchase land, the title to which is taken in the name of the husband, is sufficient to constitute the husband a trustee. This is not so : Benedict v. Montgomery, 7 W. & S. 238. There is no evidence to show that Geo. Y. Meek, Sr., ever considered himself a trustee; he never executed a declaration of trust, and never acknowledged the trust now set up. The trust, if any, arose in 1836, 1837 and 1839, when these deeds respectively were made. The act of April 22, 1856, P. L. 532, applies to an ordinary case of a trust resulting to one who furnishes the money to another to purchase land, the title to which is taken in the name of that other : Miller v. Bealer, 100 Pa. 583 ; Roy v. Townsend, 78 Pa. 329.

" This trust cannot in this proceeding be established; and even if it could be so established in a collateral proceeding, the aforesaid act of April 22, 1856, would be a complete bar to enforce the same.

" The interest of the complainant is a charge on the real estate which passed under the will of the testator to George Y. Meek, Jr., Robert Meek and Henry M. Meek: Springer's Ap., 29 Pa. 208. The provision being made for her subject to the right of the executors to sell the land, her interest under the will is not an estate in the land: Kline's Ap., 117 Pa. 139.

" She accepted a provision made for her, which is expressly in lieu of her dower at law. While a widow's statutory dower is not a mere lien on land but an interest in the land, there is no authority that sustains the bald proposition that a legacy of one third of the clear yearly income of land is an estate in the land, where such gift or legacy is coupled with a condition whereby the executors named in the will are authorized to sell the land. The cases cited by complainant, viz., Watterson's Ap., 95 Pa. 312; Gourley v. Kinley, 66 Pa. 270; Schall's Ap., 40 Pa. 170; Thomas v. Simpson, 3 Pa. 60, are not in point, for they are instances of intestacy or election to take against the will. The case of White v. Com., 110 Pa. 90, is one in which the will was held to have devised one third of the estate to the widow in fee. The interest of complainant being therefore a legacy charged on the land, is subject to the provisions of the act of April 27, 1855, P. L. 369.

" The act is constitutional, and not only bars the recovery of annual instalment of ground rent, etc., but utterly extinguishes the charge: Korn v. Browne, 64 Pa. 55; Kurr et al. v. Brobst, 2 Wood. 187; Wallace v. Church, 152 Pa. 258; Biddle v. Hooven, 120 Pa. 227. It applies to a legacy upon land and need not be pleaded, but may be interposed under the general issue or set up before an auditor: Wingett's Ap., 122 Pa. 486.

" The answer of complainant to the interposition of this act is that the interest of complainant is more than a charge on land—that it is an estate in land. If this is true, then as a legal proposition this court would have no jurisdiction to enforce her claim in this proceeding. The main authority set up by complainant on this question is that of Brotzman's Appeal, which is reported in 119 Pa. 645, and also in 133 Pa. 478. The

case, however, is no authority on the construction or application
of the act of 1855. From a careful examination of both re-
ports of the case, it would appear that a suit to enforce the
charge was commenced Jan. 25, 1881. The further fact ap-
pears in the pleadings and is found in the opinion of the Su-
preme Court, that after Feb. 8, 1861, the claim was known
to the respondents in that case, that demands were made by
the person for whom the charge was made that she needed such
yearly payments for maintenance. The case clearly shows that
these demands were made within twenty years of the time of
the bringing of the suit, and therefore the act of 1855 could
have no possible application.

"7. Under the facts in this case and the law applicable
thereto, the complainant is not entitled to recover and her peti-
tion, therefore, should be dismissed."

The court affirmed the auditor's report, except as to the act
of 1856, which the court held did not apply, as the land had
remained in possession of the heirs, citing McNinch v. Trego,
73 Pa. 53; Henderson v. MacClay, 5 Cent. R. 225, and other
cases. It also appeared that the heirs had paid numerous debts
of their father.

*Error assigned* was dismissal of petition.

*John G. Love, E. R. Chambers, D. S. Keller* and *Harry Keller*
with him, for appellants, cited: Schall's Ap., 40 Pa. 170; Thomas
v. Simpson, 3 Pa. 60; France's Ap., 75 Pa. 220; Zeigler's Ap.,
1 Ches. Co. R. 515; s. c., note to 2 Trickett on Liens, 620;
Pratt v. Eby, 67 Pa. 396; Act of April 27, 1855, § 7, P. L. 369;
Biddle v. Hooven, 120 Pa. 221; Preston v. Jones, 9 Pa. 456;
Cox v. Rogers, 77 Pa. 160; Zimmerman v. Lebo, 151 Pa. 345.

*David F. Fortney, Ellis L. Orvis* and *C. P. Hewes* with him,
for appellees, cited: Act of April 27, 1855, P. L. 369; Win-
gett's Ap., 122 Pa. 486; Korn v. Browne, 64 Pa. 55; Wallace
v. Church, 152 Pa. 258; Biddle v. Hooven, 120 Pa. 221; Kline's
Ap., 117 Pa. 139.

PER CURIAM, April 30, 1894:

All the facts, necessary to a proper understanding of this case,
are clearly stated in the report of the learned auditor and opin-
ion of the court below; and the controlling questions of law

arising upon those facts have been so fully considered and satisfactorily disposed of that further discussion of them is unnecessary.

Appellant's right, if any she had against the appellees, was under the following codicil to her husband's will: "Since making the foregoing will, I have married a wife, and being desirous of making suitable provisions for her, I hereby give and devise to my present wife Maria, the one third of the yearly income of any real estate of which I may die possessed and one third of my personal estate belonging to me at my death absolutely, in lieu of her dower at law.   Should any of my real estate be sold, as provided in my will, she is to have the interest of the one third thereof during her life.   In all other respects my will to remain as written on this page and the preceding."

This gave her no estate in the lands which he had devised to his sons in fee.   It is expressly declared to be "in lieu of her dower at law."   At most it created a charge upon said lands, in her favor, to the extent of "one third of the clear yearly income" thereof.   As found by the learned auditor, she received from appellees her full share of said income from the decease of her husband to July, 1860; since which time she has neither received nor demanded from them or either of them anything on account of income, nor have they or either of them since acknowledged their liability therefor, or in any manner recognized her right to claim or receive anything out of said lands.   On the other hand, appellant herself testified that in July, 1860, she was notified by George Y. Meek, Jr., one of the appellees, that they (meaning himself and his brothers) would not give her anything more unless the law would give it to her.   Notwithstanding this notice, she never commenced any proceedings or took any steps to enforce a recognition of her right until October, 1891, when her attorney notified appellees of her claim. Under these and other corroborating facts and circumstances, there was no error in holding that, according to the provisions of the seventh section of the act of April 27, 1855, P. L. 369, appellant was not entitled to recover: 1 Purd. 752, P. L. 18 (ed. 1873).

We find nothing in either of the specifications of error that requires a reversal or modification of the decree dismissing appellant's petition.   Decree affirmed and appeal dismissed with costs to be paid by appellant.